UNITED STATES OF AMERICA

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER J. LANGE,

        Plaintiff,

v.

TIMOTHY D. THOMPSON,

        Defendant.

Case No. C08-0271MJP

ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT, DENYING DEFENDANT'S MOTION FOR SANCTIONS, AND GRANTING DEFENDANT'S MOTION TO DISMISS

This matter comes before the Court on Plaintiff's motion for default (Dkt. No. 9), and Defendant's motion to dismiss and for sanctions. (Dkt. No. 8). Plaintiff has filed a response to Defendant's motion to dismiss. (Dkt. No. 13.) Having considered the motions, response, all papers submitted in support thereof, and the balance of the record, the Court DENIES the motion for default, DENIES the motion for sanctions, but GRANTS the motion to dismiss.

**Background**

Plaintiff Peter J. Lange, a resident of Washington, bought a cell phone on eBay, an online auction and shopping website, from Defendant Timothy D. Thompson, a resident of Tennessee. Mr. Thompson shipped the cell phone to Mr. Lange in Washington. When Mr. Lange received the cell phone, he found that it was defective, and contacted Mr. Thompson about the problem. After not receiving a response, Mr. Lange filed a dispute with Paypal, an e-commerce service that facilitates internet payments and money transfers on the internet, and later received a refund. Mr. Lange posted "neutral" feedback on Mr. Thompson's eBay profile, and Mr. Thompson posted "negative" feedback on Mr. Lange's profile. Mr. Lange applied for mediation to make

ORDER — 1

Mr. Thompson remove the negative feedback, but Mr. Thompson refused to go to mediation. (Compl. ¶ 17.)

Mr. Lange filed a lawsuit in King County District Court to make Mr. Thompson remove the negative feedback, but the court declined jurisdiction. He then filed suit in the Superior Court, which denied jurisdiction because of "diversity." (Compl. ¶ 17.) Finally, acting pro se, he filed a complaint in federal court, alleging that Mr. Thompson caused Plaintiff to lose business and damaged his reputation, and requesting a court order to remove the negative feedback and damages in an amount exceeding $100,000. (Compl. ¶ 19.) When Mr. Thompson failed to appear or respond within the time prescribed by the Federal Rules, Mr. Lange filed a motion for default. Mr. Thompson then appeared pro se, filed a motion to dismiss on personal jurisdiction grounds, and also moved for sanctions.

**Discussion**

**I.  Plaintiff's Motion for Default**

Plaintiff requests that the Court enter default judgment against Defendant because he failed to answer or otherwise respond to the complaint within the time required by the federal rules. The district court is required to exercise sound judicial discretion in determining whether judgment by default should be entered. Fed. R. Civ. P. 55(b). Additionally, for "good cause shown" an entry of default may be set aside and a default judgment may be vacated in accordance with Rule 60(b). Id. (c). Even though Mr. Thompson failed to appear or respond to the complaint within the prescribed time, the Court has the ability to exercise its discretion and refuse to enter default judgment. Here, by filing a motion to dismiss and for sanctions, Defendant Thompson has indicated that he intends to participate in the litigation. Because Mr. Thompson would have grounds to request relief from the default judgment, the Court exercises its discretion and declines to enter default judgment.

**II.  Defendant's Motion for Sanctions**

Defendant moves for Rule 11 sanctions against Plaintiff, arguing that Plaintiff filed this

ORDER — 2

action as an attempt to forum shop. The safe harbor provision under Federal Rule 11 requires that before filing or presenting a motion for sanctions to the Court, a party serve the motion to the other party, so that the challenged action can be withdrawn or appropriately corrected within 21 days after the motion is served. Fed. R. Civ. P. 11(C)(1)(A). Defendant has presented no evidence suggesting that he presented the motion for sanctions to Plaintiff before filing it with the Court. Because he did not follow the safe harbor provisions, the Court denies Defendant's motion for sanctions under Rule 11.

### III. Defendant's Motion to Dismiss

Defendant moves to dismiss its complaint for lack of personal jurisdiction. When the Court acts on a motion to dismiss without first holding an evidentiary hearing, Plaintiff only has the burden of making a prima facie showing that the Court has personal jurisdiction over the Defendant to withstand the motion to dismiss. Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd., 328 F.3d 1122, 1129 (9th Cir. 2003). Additionally, unless directly contravened, Plaintiff's version of the facts is taken as true, and conflicts between the facts are resolved in Plaintiff's favor. Id. Furthermore, where, as here, there is no applicable federal statute governing personal jurisdiction, the law of the state in which the district court sits applies. Id.

This Court may exercise personal jurisdiction over a defendant when the Washington's long-arm statute creates personal jurisdiction over the defendant and the exercise of personal jurisdiction is consistent with the due process requirements. See Lee v. City of Los Angeles, 250 F.3d 668, 692 (9th Cir. 2001). Where, as here, there are no allegations that the defendant has continuous and systematic contact with the forum state, general jurisdiction is not applicable. See Bancroft & Masters, Inc. v. Augusta Nat'l, Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). Washington's long-arm statute provides for specific personal jurisdiction over nonresident defendants when, among other things, the defendant transacts business or commits a tort here. RCW 4.28.185(1)(a),(b). Due process requires that a defendant have minimum contacts with the forum state so that the defendant should reasonably anticipate being haled into court here. Int'l

ORDER — 3

Shoe Co. v. Wash., 326 U.S. 310, 316 (1945); see also World-Wide Volkswagen v. Woodson, 444 U.S. 286, 297 (1980).

Specifically, specific personal jurisdiction exists where: (1) the non-resident defendant purposefully directed his activity or consummated a transaction with the forum or a resident thereof, or purposefully availed himself of the privilege of conducting activities in the forum; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801-02 (9th Cir. 2004). Plaintiff has the burden of showing the first two prongs of the test, and if he can do so, the burden shifts to Defendant to present a "compelling case" that jurisdiction would be unreasonable. Id. The primary question here is whether Defendant purposefully directed his activity toward or purposefully availed himself of the privilege of conducting activities in Washington.

In judging minimum contacts when the cause of action involves intentional torts such as defamation, defendant's intentional and alleged tortious actions must be expressly aimed at the forum such that the forum can be said to be the focal point of the activity and the harm suffered. Calder v. Jones, 465 U.S. 783, 789 (1984). When applying Calder to the internet context, specific jurisdiction may be based only on the out-of-state defendant's internet activity expressly aimed or directed to the forum state. Young v. New Haven Advocate, 315 F.3d 256, 262 (4th Cir. 2002) (citing ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 713 (4th Cir. 2002)).

In Young, a resident of Virginia sued two Connecticut newspapers in Virginia, alleging that they defamed him in articles posted on the internet. Young, the plaintiff, argued that the district court had specific personal jurisdiction over defendants because: (1) defendants knew that Young was a Virginia resident, and intentionally defamed him in their articles; (2) defendants posted the articles on a website accessible in Virginia; and (3) primary effects of the defamatory statements on Young's reputation were felt in Virginia. Id. at 262. Young applied

ORDER — 4

ALS Scan's three part test for establishing specific jurisdiction in the internet context. Id. at 263. A state may exercise jurisdiction over a person outside of the state when that person "(1) directs electronic activity into the State; (2) with the manifested intent of engaging in business or other interactions within the State; and (3) that activity creates, in person within the State, a potential cause of action cognizable in the State's courts." ALS Scan, 293 F.3d at 714. The court held that plaintiff did not prove that the defendant, through the internet postings, intended to target and focus on Virginia audiences. Id. at 263. Therefore, defendants did not have sufficient internet contacts with the forum state and the district court could not exercise specific jurisdiction over them. Id. at 264.

Plaintiff has not established that Defendant's internet activity was expressly targeted at or directed toward Washington. Defendant knew that Plaintiff was a Washington resident because he sent the cell phone to Plaintiff's address. (Pl.'s Resp. at ¶ 2.) He also intentionally left negative feedback on Plaintiff's internet profile. Id. Defendant posted the negative feedback on a website that was accessible in Washington. Id. However, Plaintiff does not allege or show that the primary effects of the negative feedback were felt in Washington, and does not show that Defendant directed the negative feedback toward Washington residents. Washington is not the focal point of Defendant's activity or of Plaintiff's harm suffered; therefore, Defendant does not have sufficient contacts with Washington to confer specific jurisdiction on this Court.

Plaintiff also alleges that Defendant has contacts with Washington because Defendant sent Plaintiff an e-mail, in which he stated: "I may be coming towards Seattle next summer [...]." (Pl.'s Resp. at ¶ 3.) Defendant's possible visit is unrelated to Plaintiff's injury and is not sufficient to permit exercising personal jurisdiction in Washington. See Shaffer v. McFadden, 125 Wn.App. 364, 370-71 (2005). The Court concludes that it does not have personal jurisdiction over Defendant.

**Conclusion**

Plaintiff's motion for default and Defendant's motion for sanctions are denied.

ORDER — 5

Defendant's motion to dismiss is granted for lack of personal jurisdiction over Defendant.

The clerk is directed to send copies of this order to both parties.

Filed this 6th day of August, 2008.

<u>s/ Marsha J. Pechman</u><br>
Marsha J. Pechman<br>
United States District Judge