UNITED STATES OF AMERICA

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER J. LANGE,<br><br>        Plaintiff,<br><br>    v.<br><br>TIMOTHY D. THOMPSON,<br><br>        Defendant. | Case No. C08-0271MJP<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's motion for reconsideration of the portion of Court's August 6, 2008 Order (Dkt. No. 14) granting Defendant's motion to dismiss for lack of personal jurisdiction over Defendant. (Dkt. No. 17.) Having considered the motion and the balance of the record, the Court DENIES the motion.

The Court issued an order granting Defendant's motion to dismiss (Dkt. No. 14) after Plaintiff, acting pro se, filed a complaint with the Federal District Court, alleging that Defendant caused Plaintiff to lose business and damaged his reputation by posting negative feedback on Plaintiff's eBay profile. (Compl. ¶ 19.)

Under Local Civil Rule 7(h), the Court will ordinarily deny motions for reconsideration absent of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Local Rule CR 7(h). A motion for reconsideration shall be plainly labeled as such and the motion shall be filed within ten judicial days following the order to which it relates. Id.

Although Plaintiff has followed the procedure and timing of the motion for

ORDER — 1

reconsideration, and has challenged the Court's order on multiple grounds, Plaintiff fails to show that the Court manifestly erred in its prior ruling or to show any appropriate new facts or legal authority that could not have been raised earlier.

Plaintiff alleges the following: (1) the primary effects of Defendant's negative feedback were felt at Plaintiff's business in Seattle, Washington; (2) Defendant's internet activity was expressly targeted and directed at a business in Washington State; (3) the Court has jurisdiction over Defendant under ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d. 707, 713 (4th Cir. 2002) (holding that the court did not have jurisdiction over defendants that did not target and focus on audiences of the forum state through their internet activities); and (4) Defendant intended specifically to target the Plaintiff's business in Washington by posting on Plaintiff's personal website. The Court has already considered all these issues in its order, and concluded that Plaintiff did not show that Defendant had sufficient contacts with Washington to confer specific jurisdiction on this Court. Plaintiff fails to support his assertions with evidence, and even if he did, there is no reason why he could not have raised them earlier. The Court did not manifestly err in its decision in granting Defendant's motion to dismiss.

Plaintiff's motion for reconsideration is denied.

The clerk is directed to send copies of this order to both parties.

Filed this 19th day of August, 2008.

s/ Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER — 2